UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANGELO MARCELLUS IRVING,
Petitioner-Appellant,

v.

PATRICK GURNEY, Manager of
Virginia Department of Corrections
Court and Legal Section,
Respondent-Appellee.

No. 98-7426

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-98-279)

Submitted: March 11, 1999

Decided: March 22, 1999

Before WIDENER and LUTTIG, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

Angelo Marcellus Irving, Appellant Pro Se. Mark Ralph Davis,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Angelo M. Irving challenges the procedure used by the Virginia Parole Board to determine that he was ineligible for parole. He contends that the Parole Board did not apply its applicable interpretive policies in determining that Irving was ineligible for parole based on several prior robbery convictions under Virginia Code Ann. § 53.1-151(B1) (Michie 1998). The district court adopted the report and recommendation of the magistrate judge and found that Irving's complaint was best characterized as a 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998) petition. The court then concluded that Irving's petition was meritless, because decisions regarding parole eligibility are best left to state officials, and federal courts must defer to the Parole Board's interpretation of state law. See Vann v. Angelone, 73 F.3d 519, 521-22 (4th Cir. 1996). Although we find that the district court erred in determining that Irving's complaint was a § 2254 petition, we agree that Irving's contentions are meritless. Thus, we affirm the district court's order as modified.

State prisoners may challenge the procedures used in parole eligibility determinations under 42 U.S.C.A. § 1983 (West Supp. 1998), if they are not claiming a right to be released. See Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978). Irving does not claim that he is entitled to release, only that he is entitled to injunctive relief ordering the Parole Board to apply its interpretive policies. Therefore, the district court incorrectly categorized Irving's complaint. Nonetheless, Irving incorrectly asserts that the Parole Board failed to properly consider his eligibility. We find that the policy to which Irving refers, and which is quoted in the district court's opinion, is completely consistent with the conclusion of the Parole Board, and thus, Irving cannot show a failure to consider this policy. Thus, we modify the district court's order to reflect that Irving filed a § 1983 action and affirm the order as modified. We dispense with oral argument because the facts

2

and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED

3